**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

HANADA COX,
3905 Beeker Mill Pl.
Chantilly, VA 20151,

Plaintiff,

v.

Civil Action No.: 1:17-cv-1424

VC MEDICAL GROUP,
d/b/a HEALTHY PLUS, LLC.,

SERVE: Officer
Sean Bledsoe
4312 NE Blue Jay Circle
Lees Summit, MO 64064

HEALTHY PLUS, LLC,

SERVE: Registered Agent
Billie Jean Smith
255 NW Blue Parkway
Lee's Summit, MO 64063

and

Sean Bledsoe
4312 NE Blue Jay Circle
Lee's Summit, MO 64064

Defendants.

**COMPLAINT**

COMES NOW the plaintiff, Hanada Cox ("Ms. Cox" or "Plaintiff"), by and through her undersigned counsel, and for her Complaint against the defendants, VC Medical Group ("VC"), Healthy Plus, LLC ("Healthy Plus") and Sean Bledsoe ("Bledsoe"), states as follows:

## NATURE OF THE CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Ms. Cox seeks to recover unpaid wages and salary pursuant to the FLSA and breach of contract. Ms. Cox further seeks to recover attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367(a) because those claims are part of the same controversy as Plaintiff's FLSA claims.

4. This Court has personal jurisdiction over Defendants because the work Plaintiff did for Defendants was primarily performed in the Eastern District of Virginia and Defendants regularly conduct business in the Eastern District of Virginia.

5. Venue is proper in this district and in this division by virtue of 28 U.S.C. § 1391 (b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Hanada Cox is an adult resident and citizen of the Commonwealth of Virginia.

7. Upon information and belief, VC Medical Group, is organized under the laws of Missouri doing business in the Commonwealth of Virginia as Healthy Plus with its principal office location reported to be 255 NW Blue Parkway, Lee's Summit, Missouri.

8. Upon information and belief, Healthy Plus, LLC, is organized under the laws of Missouri and is doing business in Virginia with its principal office location reported to be 255 NW Blue Parkway, Lee's Summit, Missouri

9. Upon information and belief, Sean Bledsoe is adult resident of the state of Missouri and the majority owner, President, and Chief Executive Officer of VC and Healthy Plus.

## FACTUAL BACKGROUND

10. Upon information and belief VC and Healthy Plus are under the same organization and control and engage in the same business.

11. In or around December 2016, VC, through its President and CEO Sean Bledsoe, offered Ms. Cox employment as a regional manager.

12. Pursuant to the offer of employment, Bledsoe was to be Ms. Cox's supervisor and Healthy Plus was to pay Ms. Cox an annual salary of $98,500.00 in bi-monthly payments of $4,104.16.

13. Pursuant to the offer of employment, Ms. Cox was entitled to a $300.00 insurance stipend.

14. Pursuant to the offer employment, Ms. Cox was entitled to a bonus based on Healthy Plus's quarterly gross revenue (the "Quarterly Bonus"). The bonus would be calculated using an internal matrix and paid quarterly.

15. Pursuant to the offer of employment, Ms. Cox was entitled to a 3% bonus based on clients that she obtained (the "New Client Bonus"). The 3% would be calculated by the total gross revenue of the client and paid quarterly.

16. Ms. Cox accepted the offer of employment and began working in February 2017.

17. Ms. Cox worked out of Northern Virginia and oversaw the operations for locations in her region providing services to hospitals and medical groups.

18. At all relevant times, Bledsoe had the authority to hire and fire Ms. Cox.

19. At all relevant times, Bledsoe used VC and Healthy Plus interchangeably. For example: Ms. Cox would receive communications on Healthy Plus letter head, Ms. Cox received an employee handbook from VC; Ms. Cox received checks from VC; Ms. Cox tracked her time on Healthy Plus timesheets; Ms. Cox used a Healthy Plus email address.

20. Upon information and belief, Ms. Cox was entitled to Quarterly Bonuses and New Client Bonuses.

21. To date, Defendants have not paid Ms. Cox a Quarterly Bonus or New Client Bonus.

22. To date, Defendants have not paid Ms. Cox her wages for the months of September, October, and November 2017.

23. On July 30, 2017, Defendants wrote Ms. Cox a check to reimburse her for expenses in the amount of $581.44.

24. Ms. Cox deposited that check referenced above in Paragraph 23 and it was returned unpaid, not sufficient funds.

25. On or about September 12, 2017, Defendants wrote Ms. Cox a check for the September 5, 2017 payroll wages in the amount of $3,128.10.

26. Ms. Cox deposited that check referenced above in Paragraph 25 and it was returned unpaid, not sufficient funds.

27. On or about September 20, 2017, Defendants wrote Ms. Cox a check for the September 20, 2017 payroll wages in the amount of $3,128.10.

28. Ms. Cox deposited that check referenced above in Paragraph 27 and it was returned unpaid not sufficient funds.

29. On October 12, 2017, received a direct deposit in her bank account from Defendants in the amount of $3,128.10.

30. On October 13, 2017, received a direct deposit in her bank account from Defendants in the amount of $3,128.10.

31. On October 17, 2017, Defendants reversed both of those electronic transfers.

32. Ms. Cox was charged $5.00 for each returned check.

33. Upon information and belief, Ms. Cox was entitled to Quarterly Bonuses and New Client Bonuses in 2017

34. To date, Defendants have not paid Ms. Cox a Quarterly Bonus or New Client Bonus.

35. To date, Defendants have not paid Ms. Cox her wages for the months of August, September, October, and November 2017.

**COUNT I**
**(Violation of the FLSA Wage Requirements – All Defendants)**

36. Plaintiff re-states and re-alleges the allegations contained in the preceding paragraphs.

37. Defendants did not properly compensate Plaintiff for all hours Defendants required her to work and/or for all hours which Defendant permitted her to work with the actual or constructive knowledge of Defendant.

38. From mid-August 2017 through the date of filing, Ms. Cox has worked approximately 640 hours of straight-time.

39. From mid-August 2017 through the date of filing Defendants have not paid Ms. Cox any wages for the hours that she worked.

40. By reason of the foregoing, Defendants failed to pay Plaintiff the required minimum wage and Plaintiff is due unpaid minimum wages in the amount of $4,640.00, or an amount to be proven at trial, and the same amount in liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b)

**COUNT II**
**(Violation of the FLSA Overtime Requirements – All Defendants)**

41. Plaintiff re-states and re-alleges the allegations contained in the preceding paragraphs.

42. Defendants did not properly compensate Plaintiff for all hours Defendants required her to work and/or for all hours which Defendants permitted her to work with the actual or constructive knowledge of Defendants.

43. Defendant willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

44. Defendant did not pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 in each workweek (i.e., overtime hours worked).

45. From mid-August 2017 through the date of filing, Plaintiff worked an average of 47 hours in a workweek.

46. By reason of the foregoing, Defendants failed to pay Plaintiff the required overtime wages and Plaintiff is due unpaid overtime wages in the amount of $1,218.00, or an amount to be proven at trial, and the same amount in liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

**COUNT III**
**(Breach of Contract Unpaid Salary – Healthy Plus)**

47. Plaintiff re-states and re-alleges the allegations contained in the preceding paragraphs.

48. Plaintiff and Defendant had an agreement whereby Defendant employed Plaintiff as a regional manager and Defendant paid her an annual salary of $98,500.00.

49. Plaintiff has worked for Defendant from February 2017 through the date of filing.

50. Defendant breached the agreement by failing to pay Plaintiff her salary from mid-August 2017 through the date of filing.

51. Defendant breached the agreement by issuing salary checks without insufficient funds to pay the checks.

52. By reason of the foregoing, Plaintiff has been damaged and is due unpaid salary in the amount of $28,729.12, or an amount to be proven at trial, as well as the costs incurred for the bad checks in the amount of $15.00.

**COUNT IV**
**(Breach of Contract Unpaid Bonuses – Healthy Plus)**

53. Plaintiff restates and realleges the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

54. Defendant and Plaintiff had an agreement whereby Plaintiff in her position as regional manager would be entitled to quarterly bonuses.

55. Pursuant to the agreement the Defendant was to pay the bonuses on March 20, 2017; June 6, 2016; and September 20, 2017.

56. Pursuant to the agreement the maximum Quarterly Bonus is $6,000.00 per quarter.

57. Upon information and belief, Plaintiff was entitled to a New Client Bonus in the amount of $5,000.00.

58. Defendant breached the agreement by failing to pay Plaintiff a Quarterly and New Client Bonus and failing to provide any notice or any documentation to Plaintiff regarding the non-payment of the bonuses.

59. By reason of the foregoing, Plaintiff has been damaged and is due $19,000.00 or an amount to be proven at trial for unpaid bonuses.

**COUNT V**
**(Breach of Contract – Unreimbursed Expenses – VC & Healthy Plus)**

60. Plaintiff restates and realleges the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

61. Defendant and Plaintiff had an agreement whereby if Plaintiff incurred expenses in the performance of her role as regional manager for Defendant, then Defendant would reimburse Plaintiff for those expenses.

62. Plaintiff incurred $581.44 in travel expenses while performing work for Defendant.

63. Defendant breached the agreement by issuing Plaintiff check for reimbursement without sufficient funds.

64. To date, Defendant has not reimbursed Plaintiff.

65. By reason of the foregoing, Ms. Cox has been damaged and is due $581.44 or an amount to be proven at trial for unpaid wages.

**PRAYER FOR RELIEF**

Plaintiff demands judgment against the Defendants in the following amounts:

a) On Count I against all Defendants: $4,654.00 in unpaid minimum wages, $4,654.00 in liquidated damages (or an such amount as may be proven at trial), and reasonable attorney's fees;

b) On Count II against all Defendants: $1,218.0 in unpaid overtime wages, $1,218.0 in liquidated damages (or an such amount as may be proven at trial), and reasonable attorney's fees;

c) On Count III against VC and Healthy Plus: $28,729.12 in unpaid salary (or such amount as may be proven at trial) and $15.00 in bank fees;

d) On Count IV against VC and Healthy Plus: $19,000.00 in unpaid bonuses (or such amount as may be proven at trial);

e) On Count V against VC and Healthy Plus: $581.44 in reimbursed expenses (or such amount as may be proven at trial);

f) statutory post-judgment interest; and

g) costs.

**JURY DEMAND**

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

Christopher T. Craig, VA Bar #36983
Philip C. Krone, VA Bar #87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
jcook@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff*