## <u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE is made and entered into as of the last date written beside the signatures below (the "Effective Date") by and between HANADA COX ("Ms. Cox") and VC Medical Group ("VC"); Healthy Plus, LLC ("Healthy Plus"); and Sean Bledsoe ("Mr. Bledsoe"). Ms. Cox, VC, Healthy Plus, and Mr. Bledsoe shall collectively be referred to herein as the "Parties."

### R E C I T A L S

WHEREAS, Ms. Cox was a former employee of VC Medical Group; and

WHEREAS, on or about December 14, 2017 Ms. Cox filed a complaint in the United States District Court for the Eastern District of Virginia, alleging violations of the Fair Labor Standards Act and Breach of Contract against VC, Healthy Plus, and Mr. Bledsoe (the "Action"); and

WHEREAS, without admitting any of the allegations made in the Action or conceding fault or liability in any way, the Parties wish to avoid the uncertainty and expense of further litigation; and

WHEREAS, in consideration of the covenants and mutual promises set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### A G R E E M E N T

1.     <u>Payment Terms</u>: Upon full execution of this Agreement by the Parties hereto, VC, Healthy Plus, and Mr. Bledsoe shall pay the settlement amount of Forty-Eight Thousand and 00/100 Dollars ($48,000.00) (the "Settlement Amount") to Ms. Cox. The Settlement Amount will be secured by promissory note executed by VC, Healthy Plus, and Mr. Bledsoe (the "Promissory Note"). The Promissory Note will govern how and when the Settlement Amount shall be paid. Ms. Cox agrees that the amount recited above shall serve as the sole monetary consideration for this Agreement, the sufficiency of which is acknowledged by the Parties hereto. The Settlement Amount represents $5,872 in minimum and overtime wages; $5,872 in liquidated damages; $581.00 in expense reimbursements; $19,859.83 in salary; $814.73 in costs; and $15,000.00 in attorneys' fees.

2.     <u>Dismissal of the Action</u>: Within 10 days of the Effective Date of this Agreement and upon execution of the Promissory Note, Ms. Cox shall file with the United States District Court for the Eastern District of Virginia, Alexandria Division, an Order of Dismissal with prejudice.

3.     <u>Release and Discharge</u>: Upon full execution of this Agreement and and receipt of the originally executed Promissory Note, Ms. Cox agrees that she fully and forever releases, acquits, and discharges VC, Healthy Plus, and Mr. Bledsoe as well as each of their legal representatives, officers, insurers, attorneys, employees, agents, subsidiaries, parents and related

entities, of and from any and all actions, causes of action, lawsuits, proceedings, claims, debts, obligations, duties, demands, damages, liabilities, losses, costs, and expenses from the beginning of time to the Effective Date of this Agreement, whether known or unknown, whether at law or in equity, and whether based in tort, contract, or any other theory of recovery. It is understood and agreed by Ms. Cox that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, foreseen or unforeseen, which Ms. Cox ever had, now has, or hereafter may have against the Releasees, including but not limited to all claims concerning or in connection with her employment with VC, arising from the beginning of time through the date of execution of this Settlement Agreement and Mutual Release, other than claims for breach of this Settlement Agreement and Mutual Release.

Upon its execution of this Agreement, VC, Healthy Plus, and Mr. Bledsoe, on behalf of itself and any of their legal representatives, officers, attorneys, insurers, employees, agents, subsidiaries, parents and related entities, hereby fully and forever release, acquit and discharge Ms. Cox of and from any and all actions, causes of action, lawsuits, proceedings, claims, debts, obligations, duties, demands, damages, liabilities, losses, costs, and expenses from the beginning of time to the Effective Date of this Agreement, whether at law or in equity, and whether based in tort, contract, or any other theory of recovery. It is understood and agreed by VC, Healthy Plus, and Mr. Bledsoe that this is a full and final release of all claims of every nature and kind whatsoever, and releases claims that are known and unknown, foreseen or unforeseen, which VC, Healthy Plus, and Mr. Bledsoe and any related person or entity listed above ever had, now has, or hereafter may have against Ms. Cox, including but not limited to all claims concerning or in connection with the Action, arising from the beginning of time through the date of execution of this Settlement Agreement and Mutual Release, other than claims for breach of this Settlement Agreement and Mutual Release.

4.     Cooperation: Ms. Cox agrees to cooperate fully and to assist in a reasonable manner with any of VC or Healthy Plus' litigation, arbitration, business, or investigatory matter. This cooperation shall include, without limitation, providing assistance to VC or Healthy Plus' counsel, experts, and consultants; providing truthful testimony in pretrial, trial, hearing, or arbitration proceedings.

5.     Non-Disparagement: Ms. Cox promises that she will not make any negative or disparaging statements about Mr. Bledsoe, VC, Healthy Plus, or any of VC or Healthy Plus' directors, officers, or staff, whether oral or written (and including electronic communications), except when obligated to provide truthful and accurate information in legal proceedings. Ms. Cox will not assert that any current or former employee, agent, director or officer of VC or Healthy Plus has acted improperly or unlawfully with respect to Ms. Cox or any other person regarding employment. Ms. Cox will not interfere with the VC or Healthy Plus's operations. Notwithstanding the foregoing, Ms. Cox retains the right to communicate with the EEOC and comparable state and local agencies and such communication is not limited by Ms. Cox's non-disparagement obligation set forth in this Agreement.

6.     Entire Agreement: This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof, and may not be modified or amended except by a subsequent writing signed by the Parties.

7.     <u>Representations and Warranties of Capacity to Execute Agreement</u>:  The Parties each represent and warrant that they have not sold, transferred, assigned, conveyed, or otherwise disposed of their legal interests in the claims, demands, obligations, or causes of action which are the subject of this Agreement. Each signatory hereto represents that he or she has the right and authority to execute this Agreement and/or to pay or receive the sums specified herein.

8.     <u>Miscellaneous</u>:  This Agreement shall not be altered, modified, or amended except by written agreement signed by all Parties.

a.     <u>Counterparts</u>:  This Agreement may be executed in any number of separate counterparts, each of which counterpart, when so executed and delivered (including by electronic transmission), shall be deemed an original, and all of which counterparts, taken together, shall constitute one and the same binding Agreement; provided, however, that the counterparts' terms are identical to each other.  This Agreement was entered into in the Commonwealth of Virginia, and its place of performance shall be deemed to be the City of Alexandria, Virginia.

b.     <u>Attorneys' Fees</u>:  The Parties agree that any dispute arising out of this Agreement which motivates a party to initiate a legal action to enforce the Agreement shall entitle the prevailing party in such action or proceeding to recover its provable damages and attorneys' fees.

c.     <u>Interpretation</u>:  This Agreement was negotiated at arms' length with each party having opportunity to receive advice from independent legal counsel.  Only those rules of interpretation or construction of contracts in general shall apply.  Each of the Parties hereto participated in negotiating and drafting this Agreement, and it is the intent of the Parties that no one party shall be deemed to be the drafter of this Agreement or any of its provisions.

d.     <u>Governing Law and Forum</u>:  This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia. Any lawsuit or other action brought by either party that involves or otherwise relates to the terms and conditions of this Agreement, including any action to enforce the terms hereof, shall be brought exclusively the state courts of Fairfax, Virginia.

e.     <u>Severability</u>:  If any provisions of this Agreement are held invalid by a court of competent jurisdiction, such provisions shall be fully severable and such invalidity shall not affect the validity of any other provisions herein.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the last date entered beside their signatures set forth below.

[Remainder of page intentionally left blank]

SIGNATURE PAGE OF HANADA COX

_____

Date

_____

HANADA COX

[Remainder of page intentionally left blank]

SIGNATURE PAGE OF VC Medical Group; Healthy Plus, LLC; and Sean Bledsoe

**VC MEDICAL GROUP**

9/7/18
Date

By: SEAN BLEDSOE

Print: SEAN BLEDSOE

Title: CEO

**HEALTHY PLUS, LLC**

9/7/18
Date

By: Sea Bledsoe

Print: SEAN BLEDSOE

Title: CEO

**SEAN BLEDSOE**

9/7/18
Date

Sean E Bledsoe
Sean Bledsoe

09/07/2018

Leonardo C. Toca

LEONARDO C. TOCA
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
JACKSON COUNTY
COMMISSION #18648558
MY COMMISSION EXPIRES: APR. 30, 2022

Page 5 of 5

# PROMISSORY NOTE

$48,000.00

September _____, 2018
Fairfax County, Virginia

**FOR VALUE RECEIVED**, VC MEDICAL GROUP ("**VC**"); HEALTHY PLUS, LLC ("**Healthy Plus**"); and SEAN BLEDSOE ("**Mr. Bledsoe**") (collectively "**Promisors**"), promise to pay to the order of HANADA COX ("**Ms. Cox**" or "**Payee**"), the principal amount of **FORTY-EIGHT THOUSAND DOLLARS** ($48,000.00). The $48,000.00 represents $5,872 in minimum and overtime wages; $5,872 in liquidated damages; $581.00 in expense reimbursements; $19,859.83 in salary; $814.73 in costs; and $15,000.00 in attorneys' fees.

Installment Payments. Promisors promise to pay the Payee the principal in FIVE (5) installments. The first installment, of FIFTEEN THOUSAND DOLLARS ($15,000.00), is due by October 1, 2018; the second installment, OF SIX THOUSAND DOLLARS ($6,000.00), is due by November 1, 2018; the third installment, of SEVEN THOUSAND DOLLARS ($7,000.00), is due by December 1, 2018; the fourth installment, of TEN THOUSAND DOLLARS ($10,000.00), is due by January 1, 2018; and the fifth installment, of TEN THOUSAND DOLLARS ($10,000.00), is due by February 1, 2019. All payments of principal and interest shall be made in lawful money of the United States in immediately available funds (cashier's checks or an equivalent) to Cook Craig & Francuzenko, PLLC, at 3050 Chain Bridge Road, Suite 200, Fairfax, Virginia 22030 or at such other place as the holder hereof may from time to time designate in writing.

Interest. This Note shall bear compound interest from the Completion of Payment date, on the unpaid principal amount, at a rate of 5.00% per annum. Interest on this Note shall be computed on the basis of a year of 365 days (366 days in a leap year) and shall be paid for the actual number of days elapsed (including the first day but excluding the last day).

Completion of Payment. Completion of Payment will occur on (1) February 1, 2019 or (2) upon the sale of VC or Healthy Plus, whichever occurs earlier. In the event of a sale, Promisor shall make a lump sum principal payment to the Payee the outstanding balance.

Prepayment. Promisors may prepay this Note in whole or in part, without penalty, at any time and from time to time. Such prepayments shall be applied to the principal.

Events of Default. The following shall be considered events of default (Events of Default): (i) Promisors' failure to pay any of the principal on this Note or any other amount payable hereunder, within FIVE (5) days of the date upon which such payment is due; (ii) Promisors' commencement of a voluntary case or other proceeding seeking liquidation, reorganization, or other relief with respect to themselves, or either of them, or their debts under any bankruptcy, insolvency, or other similar law now or hereafter in effect or seeking the appointment of a trustee, receiver, liquidator, custodian, or other similar official of it or any substantial part of their property, or consenting to any such relief or to the appointment of or taking possession by any such official in an involuntary case or other proceeding commenced against them, or the making of a general assignment for the benefit of creditors, or the failure,

generally, to pay their debts as they become due; or (iii) the commencement of an involuntary case or other proceeding against the Promisors seeking liquidation, reorganization, or other relief with respect to them or their debts under any bankruptcy, insolvency, or other similar law now or hereafter in effect, or seeking the appointment of a trustee, receiver, liquidator, custodian, or other similar official, and such involuntary case or other proceeding continuing undismissed for a period of 60 days, or the entry of an order for relief against Promisors under the federal bankruptcy laws as now or hereafter in effect. In the case of an Event of Default listed herein, Payee at Payee's option may, after TEN (10) days written notice to Promisors, which period shall run from the date of mailing written notice to Promisors, and failure of Promisors to cure such default within the TEN (10) day notice period, declare the unpaid principal amount of this Note, together with accrued interest thereon, to be, and it shall thereupon become, immediately due and payable; <u>moreover</u> in the case of an Event of Default specified in clause (ii) or (iii) above, this Note shall become immediately due and payable.

Additional Defaults. The following shall also be deemed Events of Default: Promisors' default, beyond any applicable grace period and in addition to any such grace period, after a fifteen (15) day written notice and cure period, in the observance or performance of any covenant or agreement contained in any other agreement between Promisors and Payee evidenced by this Note.

Notices.  Notices to the Payee shall be sent to Cook Craig & Francuzenko, PLLC, 3050 Chain Bridge Road, Suite 200, Fairfax, VA 22030, or to such other address as the Payee shall specify in writing.  Notices to the Promisors shall be sent to Sean Bledsoe, 3445 S. 291-MO HWY, Independence, MO 64057, or to such other address as the Promisors shall specify in writing.  Notices shall be in writing and shall be effective (a) if given by mail, 48 hours after being deposited in the United States mail with first class postage prepaid or (b) if given in any other way, when delivered.

Exercise of Payee's Rights. Payee's failure to exercise or delay in exercising any right hereunder shall not operate as a waiver, and any single or partial exercise of any right hereunder shall not preclude any other or future exercise thereof or the exercise of any other right. The rights and remedies provided are cumulative and may be exercised singly or concurrently, and are not exclusive of any rights and remedies provided by law. None of the terms or provisions of this Note or Guaranty may be waived, altered, modified, or amended except by an instrument in writing, duly executed by the Payee and the Promisor.

Costs and Expenses. Promisors agree to pay all costs and expenses including, without limitation, court costs and reasonable attorneys' fees incurred by the Payee in connection with the successful collection or enforcement of this Note. Similarly, to the extent that any collection or enforcement action of Payee is unsuccessful, Payee shall pay all costs and expenses including, without limitation, court costs and reasonable attorneys' fees incurred by the Promisors in connection with such action.

Venue and Jurisdiction. The Promisors agree that any action to collect or enforce this Note or any part hereof may be instituted and maintained in a court having appropriate jurisdiction and located in the County of Fairfax, Virginia.

Page 2 of 6

<u>Designation of Agent to Accept Service</u>. Promisors hereby designate the following resident of Virginia as their agent to accept service of any pleadings that may be filed in connection with the successful collection or enforcement of this Note:  Joshua Erlich, The Erlich Law Office PLLC, 2111 Wilson Boulevard, Suite 700, Arlington, VA 22201.

This Note shall be governed by, and construed in accordance with, the laws of the Commonwealth of Virginia.

[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the undersigned have signed and sealed this Note as of the day and year written below.

**PROMISOR**:

VC MEDICAL GROUP

Date: 9/7/18                     By: _~Sean Bledsoe~_ (SEAL)

Print: SEAN BLEDSOE

Title: CEO

_State of Missouri_ )
                    )        to-wit:
CITY/COUNTY OF _Jackson_ )

    The undersigned, a notary public in and for the aforesaid jurisdiction, do hereby certify that _Sean Bledsoe_ , whose name is signed to the foregoing Promissory Note, dated the ___7th___ day of _September_ , 2018, has personally appeared before me in the aforesaid jurisdiction and acknowledged the same.

    GIVEN UNDER my hand and seal this ___7th___ day of _September_ , 2018.

_Leonardo C. Toca_
NOTARY PUBLIC

My commission expires: _04/30/2022_ .

My Notary Number is: _#18648558_ .

LEONARDO C. TOCA
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
JACKSON COUNTY
COMMISSION #18648558
MY COMMISSION EXPIRES: APR. 30, 2022

IN WITNESS WHEREOF, the undersigned have signed and sealed this Note as of the day and year written below.

**PROMISOR**:

HEALTHY PLUS, LLC

Date: 9/7/18

By: *Sean Bledsoe* (SEAL)

Print: SEAN BLEDSOE

Title: CEO

State of Missouri )
 )
CITY/COUNTY OF Jackson )  to-wit:

The undersigned, a notary public in and for the aforesaid jurisdiction, do hereby certify that Sean Bledsoe , whose name is signed to the foregoing Promissory Note, dated the 7th day of September, 2018, has personally appeared before me in the aforesaid jurisdiction and acknowledged the same.

GIVEN UNDER my hand and seal this 7th day of September, 2018.

*Leonardo C. Toca*
NOTARY PUBLIC

My commission expires: 04/30/2022.

My Notary Number is: #18648558.

LEONARDO C. TOCA
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
JACKSON COUNTY
COMMISSION #18648558
MY COMMISSION EXPIRES: APR. 30, 2022

IN WITNESS WHEREOF, the undersigned have signed and sealed this Note as of the day and year written below.

**PROMISOR**:

SEAN BLEDSOE

Date: 9/7/18                        _Sean Bledsoe_ (SEAL)
                                    Sean Bledsoe

_State of Missouri_       )
                          )
CITY/COUNTY OF _Jackson_  )        to-wit:

    The undersigned, a notary public in and for the aforesaid jurisdiction, do hereby certify that _Sean Bledsoe_, whose name is signed to the foregoing Promissory Note, dated the _7th_ day of _September_, 2018, has personally appeared before me in the aforesaid jurisdiction and acknowledged the same.

    GIVEN UNDER my hand and seal this _7th_ day of _September_ 2018.

_Leonardo C. Toca_
NOTARY PUBLIC

My commission expires: _04/30/2022_

My Notary Number is: _#18648558_

LEONARDO C. TOCA
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
JACKSON COUNTY
COMMISSION #18648558
MY COMMISSION EXPIRES: APR. 30, 2022